**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DONALD G. YOUNG, | ) |
| Movant, | ) |
| v. | ) No. 4:12-CV-1983 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Donald G. Young's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

Movant pleaded guilty to one count of continuing criminal enterprise and one count of tampering with a witness on January 7, 2003. On March 27, 2003, the Court sentenced movant to 120 months' imprisonment followed by 3 years of supervised release. Movant did not file an appeal from the judgment.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

>United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). Before dismissing a habeas action as time barred, however, the court must provide notice to the movant. Id.

A review of the instant motion indicates that it is time barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the judgment became final ten days after the judgment was entered, under the Federal Rules of Appellate Procedure in effect at that time. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired more than eight years ago.

In apparent recognition of the statute of limitations, movant argues that his one-year limitation period should be "waived" due to "newly discovered evidence establishing his actual innocence." He asserts that he has recently received a "sworn affidavit" from his brother and co-defendant in the underlying criminal case, Albert Young, wherein Young recants his previous testimony and statements to the government. Movant asserts that he based his guilty plea, in part, on Young's original testimony, which has now been shown to be false.

2

Movant has additionally put forth an affidavit from a Ron Powell, a former employee of "Dream Team Transport, a company that was once owned and operated by [Movant]." Movant states that Mr. Powell testifies in his affidavit that it is Powell's belief that movant was "framed and set up without just reasons to mitigate the charges against others." In essence, movant is seeking equitable tolling of the statute of limitations on the basis of a character witness, as well as a recantation of a related witness who was supposed to testify against him in his prior criminal proceeding.

Unfortunately, the untimeliness of movant's motion is a procedural bar to the Court's consideration of his arguments. Even if the Court could delve into the merits of movant's claims, his request for application of "equitable tolling" would not provide him the result he seeks.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, provides "an exceedingly narrow window of relief." Jihad, 267 F.3d at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v.

3

Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by petitioner are not extraordinary. Rather, the alleged information from his brother and co-defendant, Albert Young, sworn to on April 16, 2010, came to light far more than one year prior to the filing of the present action and therefore should have been known to movant before that time. Although movant states that "[t]his evidence has been unavailable to me until now because Albert Young left the country and his whereabouts has [sic] been unknown," he fails to state how or when he received the affidavit, or the circumstances surrounding the drafting of the affidavit by his brother in 2010.[1] Additionally, there is no indication in the motion as to why movant's guilty plea "hinged" on Albert Young's alleged testimony, such that the recantation would provide the "extraordinary relief" necessary to warrant equitable tolling. Moreover, as the case law sets forth, sworn affidavits recanting prior sworn testimony are viewed with extreme suspicion. See, e.g., McCray v. Vasbinder, 499 F.3d 568, 574 (6th Cir. 2007); Matthews v. Ishee, 486 F.3d 883, 895-96 (6th Cir. 2007); Carter v. Mitchell, 443 F.3d 517, 539 (6th Cir. 2006); Welsh v. Lafler, 444 F. App'x 844, 850 (6th Cir. 2011) (affirming denial of habeas relief notwithstanding sworn recantation of trial testimony); see also United States v. Papajohn, 212 F.3d 1112, 1117 (8th Cir. 2000) ("[m]otions for new trial based upon the alleged recantation of a material witness are viewed with disfavor in [the

---

[1] Movant cites Gonzalez v. Department of Homeland Sec., 482 F. App'x 560 (Fed. Cir. 2012), for the proposition that "recanted testimony by a family member is significant and resulted in dismissal of the charges." Mot. to Vacate at 5 (labeled 6). Gonzalez was a Federal Circuit case that reviewed a final decision of the Merit Systems Protection Board, which had affirmed a Department of Homeland Security decision to remove Manuel Gonzalez from his employment as Criminal Investigator with the Department. The issue before the Federal Circuit was whether the Administrative Law Judge had abused his discretion in sustaining Mr. Gonzalez's removal from federal employment. Movant's citation to Gonzalez is simply incorrect and lacks any application to the instant case whatsoever.

Eighth Circuit] and are difficult to win."), abrogated on other grounds by Crawford v. Washington, 541 U.S. 36 (2004); United States v. Provost, 969 F.2d 617, 620 (8th Cir. 1992) ("[W]here a witness makes subsequent statements directly contradicting earlier testimony the witness either is lying now, was lying then, or lied both times.").[2]

Movant's claim for overturning his conviction because he was "actually innocent" is equally unavailing.  Although a showing of actual innocence may excuse an untimely filing, the petitioner has "to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations."  Flanders, 299 F.3d at 978.  Movant has failed to offer any explanation of how his allegedly false guilty plea, which was apparently known to him at the time he entered the plea, prevented him from filing a motion to vacate his sentence in a timely fashion.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time barred.

---

[2]Movant cites the case of Freeman v. Trombley, 483 F. App'x 51 (6th Cir. 2012), for the proposition that "an affidavit recanting previous false testimony for the purposes of clearing one's conscience is significant." Mot. to Vacate at 5 (labeled 6).  In Freeman, the Sixth Circuit found the petitioner failed to carry his burden of demonstrating a rare, extraordinary case warranting equitable tolling of the federal habeas time-bar based on actual innocence where "new" evidence was new only in that it had not been presented at trial, it was not clearly exculpatory, and there were strong reasons to question reliability of each item relied on by the petitioner, including the age of that information and petitioner's unexplained delay in pursuing relief.  Part of the "new" evidence petitioner relied on in Freeman was an informant's recantation, which the Sixth Circuit found did not represent clearly exculpatory evidence such that equitable tolling was warranted.

**IT IS FURTHER ORDERED** that if movant fails to comply timely with this Order, his Section 2255 motion will be denied and dismissed.

                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of February, 2013.