UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONALD G. YOUNG, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:12-CV-1983 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Court's February 7, 2013 Order to Show Cause why this action should not be summarily dismissed as time barred. Having reviewed movant's response in its entirety, the Court finds movant's arguments are without merit. Movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 will be dismissed as time barred.

**Background**

Movant pleaded guilty in United States v. Donald G. Young, No. 4:01-CR-326 CAS (E.D. Mo.), to one count of continuing criminal enterprise and one count of tampering with a witness on January 7, 2003. On March 27, 2003, the Court sentenced movant to 240 months' imprisonment followed by 3 years of supervised release. Movant did not file an appeal from the judgment. On October 23, 2012, movant filed the instant motion to vacate his sentence in Case No. 4:01-CR-326 CAS.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). A review of the instant motion indicates that it is time barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final ten days after the judgment was entered, under the Federal Rules of Appellate Procedure in effect at that time. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired more than 8 years ago.

On February 7, 2013, the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred. In his response to show cause movant argues that he is entitled to the benefit of equitable tolling.

**Discussion**

Movant argues that his one-year limitation period should be "waived" due to "newly discovered evidence establishing his actual innocence." He asserts that he has recently received a "sworn affidavit" from his brother and co-defendant in the underlying criminal case, Albert Young, wherein Albert Young recants his previous testimony and statements to the government. Movant asserts that he based his guilty plea, in part, on Albert Young's original testimony, which has now been shown to be false.

Movant has additionally offered an affidavit from a Ron Powell, a former employee of "Dream Team Transport, a company that was once owned and operated by [Movant]." Movant states that Mr. Powell testifies in his affidavit it is Powell's belief that movant was "framed and set up without just reasons to mitigate the charges against others." In essence, movant is seeking equitable tolling of the statute of limitations on the basis of a character witness, as well as a recantation of a related witness who was supposed to testify against him in his prior criminal proceeding. Movant's arguments for equitable tolling are unavailing.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Jihad, 267 F.3d at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390

F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by petitioner are not extraordinary. Movant focuses his argument in his response brief on the affidavit from his brother, Albert Young. First and foremost, as stated in the Court's prior Memorandum and Order in this case, there is no indication in the motion to vacate, besides movant's own self-serving statement, as to why movant's guilty plea allegedly "hinged" on Albert Young's alleged testimony such that the recantation would provide the "extraordinary relief" necessary to warrant equitable tolling.

Second, as the case law sets forth, sworn affidavits recanting prior sworn testimony are viewed with extreme suspicion. See, e.g., McCray v. Vasbinder, 499 F.3d 568, 574 (6th Cir. 2007); Matthews v. Ishee, 486 F.3d 883, 895-96 (6th Cir. 2007); Carter v. Mitchell, 443 F.3d 517, 539 (6th Cir. 2006); Welsh v. Lafler, 444 F. App'x 844, 850 (6th Cir. 2011) (affirming denial of habeas relief notwithstanding sworn recantation of trial testimony); see also United States v. Papajohn, 212 F.3d 1112, 1117 (8th Cir. 2000)("[m]otions for new trial based upon the alleged recantation of a material witness are viewed with disfavor in [the Eighth Circuit] and are difficult to win."), abrogated on other grounds by Crawford v. Washington, 541 U.S. 36 (2004); United States v. Provost, 969 F.2d

617, 620 (8th Cir. 1992) ("[W]here a witness makes subsequent statements directly contradicting earlier testimony the witness either is lying now, was lying then, or lied both times.").[1]

Importantly, as admitted to by movant, the alleged information from his brother and co-defendant, Albert Young, sworn to on April 16, 2010, came to light well more than one year prior to the filing of the present action and therefore should have been known to movant before that time. Movant admits that he received the affidavit from his brother more than a year prior to filing this action, but states that the Court's prior order in a different criminal case against him,[2] that he was not allowed to file any further documents in that case (such as his motions for default judgment against certain magistrate judges of this Court and the undersigned) other than a notice of appeal, had a "chilling effect" on him and "lulled" him into "inaction." Movant contends that the Court's "undue coercion shocked and stun[ned] Mr. Young overpowering his will making it impossible for him to gain the mental strenght [*sic*] in time to submit his petition timely." Movant's Response at 4.

The Court is unpersuaded by movant's arguments regarding the "chilling effect" of its prior Memorandum and Order in his separate criminal case. The Court docket shows that movant attempted to file a frivolous motion in his closed criminal action even after the order referenced by

---

[1]Movant cites the case of Freeman v. Trombley, 483 F. App'x 51 (6th Cir. 2012), for the proposition that "an affidavit recanting previous false testimony for the purposes of clearing one's conscience is significant." In Freeman, the Sixth Circuit found that petitioner had failed to carry his burden of demonstrating a rare, extraordinary case warranting equitable tolling of the federal habeas time-bar based on actual innocence where "new" evidence was new only in that it had not been presented at trial, it was not clearly exculpatory, and there were strong reasons to question reliability of each item relied on by the petitioner, including the age of that information and petitioner's unexplained delay in pursuing relief. Part of the "new" evidence petitioner relied on in Freeman was an informant's recantation, which the Sixth Circuit found did not represent clearly exculpatory evidence such that equitable tolling was warranted.

[2]See United States v. Young, No. 4:02-CR-496 CAS (E.D. Mo.). The Memorandum and Order of November 24, 2009 [Doc. 44] is attached to movant's Response as Exhibit A.

movant was entered. Moreover, the Court's order in movant's separate criminal action certainly did not address or impede movant's ability to pursue his right to file any additional civil actions in this Court, including his current motion to vacate. As such, the Court finds that movant's argument cannot form the basis for equitable tolling.[3]

Movant next argues that he filed a motion for "new trial" brought pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Florida "based on the knowing use of perjured testimony, within one year from receiving the affidavit from his co-defendant." See Young v. Atkinson, 1:10CV21475 MGC (S.D. Fl. 2010). Through the use of PACER, the Court has reviewed the entirety of movant's filings in his action under § 2241 and found that he did, indeed, file with the Florida district court a copy of his brother's affidavit dated May 2, 2010.[4] Unfortunately for movant, the fact that he filed the affidavit in the wrong federal court and litigated its use under the wrong federal statute (§ 2241 instead of § 2255) cannot toll the statute of limitations period in this instance. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (filing of unexhausted federal petition did not toll statute); United States v. Kirkham, 367 F. App'x 539, 543 (5th Cir. 2010) (ruling that petitioner's "failure to mail his § 2255 motion to the correct court within the one-year limitation

---

[3] Although movant does not address this, the Court notes that it entered a similar order in the underlying criminal case, United States v. Donald G. Young, No. 4:01-CR-326 CAS, on January 14, 2008, after movant had filed several frivolous post-judgment motions in that case. See Memorandum and Order [Doc. 507]. After this Memorandum and Order was filed, movant attempted to file documents in the underlying criminal case other than a notice of appeal, and subsequently filed the post-judgment motions discussed above in Case No. 4:02-CR-496 CAS. As with the order discussed above, the Court finds that the Memorandum and Order in Case No. 4:01-CR-326 cannot form the basis for equitable tolling.

[4] "[F]ederal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue." United States v. Evans, 690 F.3d 940, 943 (8th Cir. 2012) (quoted case omitted).

period was, at best, a 'garden variety' claim of excusable neglect which is insufficient to justify application of the doctrine of equitable tolling"); Corjasso v. Ayers, 278 F.3d 874, 876-78 (9th Cir. 2002) (rejecting tolling for time petition was filed in wrong federal district); Sandifer v. Thaler, No. 3:09-CV-01638-K, 2010 WL 92255, at *2 n. 2 (N.D. Tex. Jan. 6, 2010) (unpublished) (declining to credit time during which petitioner mailed petition to United States Court of Appeals for the Fifth Circuit in determining timeliness of petition); Bryant v. Bock, No. CV08-0614-PHX-SRB, 2009 WL 281049, at *9 (D. Ariz. Feb. 3, 2009) (unpublished) ("Petitioner's own negligence in mailing his petition to the wrong court . . . do[es] not justify equitable tolling."); Enriquez v. United States, Nos. 802CR370T30MSS, 805CV94T30MAP, 2005 WL 2127934, at *1 & n.1 (M.D. Fla. Aug. 31, 2005) (unpublished) (denying equitable tolling for period during which petitioner mailed his petition to United States Supreme Court); Hood v. Galaza, 47 F.Supp.2d 1144, 1147 (S.D. Cal. 1999) (same as Corjasso); but see Johnson v. Franklin, No. CIV-06-0195HE, 2006 WL 3350741, at *2 (W.D. Okla. Nov. 17, 2006) (unpublished) (permitting equitable tolling where petitioner filed federal habeas petition in state, rather than federal, court).

Finally, movant's claim for overturning his conviction because he was "actually innocent" is also unavailing, as the petitioner has "to show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Flanders, 299 F.3d at 978. Movant has failed to offer any explanation of how his allegedly false guilty plea, which would have been known to him at the time he entered the plea, prevented him from filing a motion to vacate his sentence in a timely fashion.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** as time barred. Rule 4 of the Rules Governing § 2255 Proceedings. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this      19th           day of March, 2013.