UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD G. YOUNG, | ) |
| Movant, | ) |
| v. | ) No. 4:12-CV-1983 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is movant Donald G. Young's motion for reconsideration of the dismissal of his motion to vacate, set aside or correct sentence pursuant to Federal Rule of Civil Procedure 59(e). Also before the Court is movant's motion to "take judicial notice" of a recent Supreme Court decision, McQuiggin v. Perkins, 133 S. Ct. 1924 (2013).

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed. R. Civ. P. 59(e); see also United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933. The purpose of the Rule is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Depot of Educ., 79 F.3d 748, 750 (8th Cir.1996) (quoting White v. New Hampshire Depot of Employment Sec., 455 U.S. 445, 450(1982)). A Rule 59(e) motion to alter or amend must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F. Supp. 516, 556 (W.D. Mo. 1991), aff'd, 4 F.3d 1434 (8th Cir. 1993).

Unfortunately, all of plaintiff's arguments in his motion for reconsideration concern the same legal and factual theories already comprehensively addressed by this Court in its March 19, 2013 Memorandum and Order. In that Memorandum and Order, based on a full and fair review of the record, the Court denied movant's motion to vacate and issued an accompanying Order of Dismissal.

In the instant motion for reconsideration, movant has failed to set forth any intervening change in case law or new evidence that would allow for a modification of the Court's prior Order. Further, movant has failed to convince the Court that it has made a clear error of law in its prior Order. As such, the instant motion for reconsideration must be denied.

The Court will, however, address movant's request to take judicial notice of the recent Supreme Court case McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). In McQuiggin, the Supreme Court recognized an equitable exception to the statutory bar on habeas petitions when a petitioner makes a "credible showing" of actual innocence. In McQuiggin, the Supreme Court noted that timing is a relevant factor in evaluating the "proof" of innocence. 133 S.Ct. at 1935-36.

As noted in the Court's prior Memorandum and Order, movant pleaded guilty to one count of criminal enterprise before this very Court on January 7, 2003. At that time he stated, under oath, that he was guilty of the crime for which he was charged. Movant asserts now, in a conclusory fashion, that the Court should believe movant's receipt of an affidavit from his brother, and co-defendant, in April 2010, was the "evidence" movant needed to now claim that he is actually innocent of the crime. However, movant has failed to truly speak to why his guilty plea "hinged" upon his brother Albert Young's alleged testimony such that a recantation of the testimony would

provide the "extraordinary relief necessary to warrant equitable tolling."[1]  In other words, movant has failed to articulate how he is innocent of the crime and what exactly made him plead guilty, under oath, to the crime in the first place.

Furthermore, what is most important to this Court's analysis is the timing of movant's motion to vacate and his arguments for timeliness therein.  Movant has apparently misconstrued the basis of this Court's finding that the instant action is time barred.  The Court's rationale for dismissal was not that movant had filed this action more than one year after the judgment and sentence became final, <u>but that he filed it more than one year after he became aware of the alleged newly discovered evidence</u>.  In fact, movant filed his motion to vacate in this Court more than a year and a half after he received the alleged affidavit from his brother and co-defendant – a length of time that speaks to the reliability of movant's proof of innocence.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 332 (1995) ("the court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].").  Taking this into consideration, as well as the issue of the credibility of the actual affidavit, the recantation of prior testimony, the lack of the availability of equitable tolling, and the fact that movant plead guilty to the original charge in front of this Court in the first instance, the Court cannot say that the actual

---

[1]Sworn affidavits recanting prior sworn testimony are viewed with extreme suspicion.  <u>See</u>, e.g., <u>McCray v. Vasbinder</u>, 499 F.3d 568, 574 (6th Cir. 2007); <u>Matthews v. Ishee</u>, 486 F.3d 883, 895-96 (6th Cir. 2007); <u>Carter v. Mitchell</u>, 443 F.3d 517, 539 (6th Cir. 2006); <u>Welsh v. Lafler</u>, 444 F. App'x 844, 850 (6th Cir. 2011) (affirming denial of habeas relief notwithstanding sworn recantation of trial testimony); <u>see</u> <u>also</u> United States v. Papajohn, 212 F.3d 1112, 1117 (8th Cir. 2000) ("Motions for new trial based upon the alleged recantation of a material witness are viewed with disfavor in [the Eighth Circuit] and are difficult to win."), <u>abrogated on other grounds by</u> <u>Crawford v. Washington</u>, 541 U.S. 36 (2004); <u>United States v. Provost</u>, 969 F.2d 617, 620 (8th Cir. 1992) ("[W]here a witness makes subsequent statements directly contradicting earlier testimony the witness either is lying now, was lying then, or lied both times.")

innocence gateway in McQuiggin has opened for movant.  See, e.g., United States v. Cunningham, 2013 WL 2417874, at *3 (S.D. Tex. June 3, 2013) (because movant pleaded guilty and made no showing of actual innocence, McQuiggin's actual innocence "gateway" for allowing consideration of otherwise time-barred claims was not available); Clayton v. United States, 2013 WL 3381373, at *3 (W.D.N.C. July 8, 2013) (McQuiggin's holding that a petition based on actual innocence may be timely, even if filed after the one-year period expired, did not apply where petitioner admitted his guilt).

Accordingly,

**IT IS HEREBY ORDERED** that movant's request for this Court to take judicial notice of the Supreme Court case of McQuiggin v. Perkins is **GRANTED**.  [Doc. 7]

**IT IS FURTHER ORDERED** that movant's motion for reconsideration of the dismissal of his motion to vacate is **DENIED**.  [Doc. 6]

**IT IS FURTHER ORDERED** that the Court declines to grant movant a Certificate of Appealability.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of July, 2013.